IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES EVERETT, :
:
    Plaintiff, :
:
v. : CIVIL NO.3:CV-08-1243
:
: (JUDGE VANASKIE)
JANINE DONATE, et al., :
:
    Defendants. :

## MEMORANDUM

Background

    James Everett, an inmate presently confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983.[1] By Order dated September 19, 2008, this Court construed Plaintiff's September 5, 2008 filing (Dkt. Entry # 12) as an amendment to his original complaint and

---

[1] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

indicated that the standing complaint would consist of both his original complaint and the aforementioned amendment.

Named as Defendants are the following officials at Plaintiff's prior place of confinement, the Lackawanna County Prison, Scranton, Pennsylvania: Warden Janine Donate; Nurse Thomas Lgin;[2] and Correctional Officers Kevin Janeski, George Calpin, and Robert Brown.

Plaintiff was incarcerated at the Lackawanna County Prison from January 12, 2008 until November 20, 2008.[3] Everett states that on April 18, 2008, a fellow prisoner attempted to sexually assault him. When Plaintiff resisted, the assailant "brutally attacked me causing serious bodily harm." (Dkt Entry # 1, ¶IV(1).) He describes his resulting injuries as consisting of a head contusion, recurring headaches, swollen left knee, anxiety attacks, nose bleeds, and broken teeth. Following the assault, Everett claims that he was denied adequate medical care. Specifically, he asserts that neither x-rays nor an MRI were taken and his resulting injuries, which are still adversely affecting his health, have not been addressed.

Plaintiff's complaint additionally contends that Defendants failed to protect his safety in that they were aware that the inmate assailant "had a violent past" and neglected to

---

[2] This Defendant's name is actually Thomas Lapinski, R.N. (Dkt. Entry # 39 at 1.)

[3] Plaintiff was transferred to a state correctional facility on November 20, 2008. (Dkt. Entry # 39-2, Exhibit B at 45.)

2

undertake adequate supervision. (Id. at (2).) He adds that due to an inadequate inmate classification process, his attacker was placed in the same unit as Plaintiff, who describes himself as being a non-violent offender. Everett seeks injunctive relief as well as compensatory, punitive, and nominal damages.

Presently pending is Defendant Lapinski's motion for summary judgment. (Dkt. Entry # 39.) Although Plaintiff has not submitted a proper opposing brief, in light of the liberal treatment afforded <u>pro se</u> litigants, Everett's letter filed December 24, 2009 (Dkt. Entry # 66) will be deemed as his opposing brief.[4] The motion is ripe for consideration.

Discussion

Defendant Lapinski describes himself as being a Registered Nurse who provided medical services to the inmate population at the Lackawanna County Prison "through Correctional Care, Inc., his employer." (Id. at ¶ 1.) It is noted that Nurse Lapinski is the only medical provider named as a defendant in this action. The moving Defendant argues that he is entitled to entry of summary judgment on the grounds that Plaintiff has failed to state a claim that Lapinski was either negligent or violated Everett's civil rights.

Standard of Review

---

[4] Plaintiff's letter was docketed as a motion for summary judgment. However, it is clearly a response to the Defendants' respective motions for summary judgment.

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted).

Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which

that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Certificate of Merit

Lapinski argues that to the extent that Plaintiff's action may be asserting a negligence claim, dismissal for failure to file a Certificate of Merit within the time frame set by Pennsylvania Rule of Civil Procedure 1042.3 is warranted. (Dkt. Entry # 40 at 4.) Plaintiff has not addressed the certificate of merit argument and has not offered any clarification as to whether it is his intention to pursue a negligence claim against the moving Defendant.

Rule 1042.3 requires that in an action "based upon an allegation that a licensed professional deviated from an acceptable professional standard" the plaintiff must file a Certificate of Merit within sixty (60) days after filing the complaint. The Rule 1042.3 certificate must certify that either: (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the conduct which is the subject of the complaint fell outside acceptable professional standards and was a cause in bringing about the harm; (2) the claim of deviation by defendant from an acceptable professional standard is

5

based solely upon allegations that other licensed professionals for whom defendant is responsible deviated from an acceptable professional standard; (3) expert testimony of an appropriate licensed professional is unnecessary. Everett has not submitted a Rule 1042.3 certificate of merit, identified any medical expert or submitted a report from any medical expert. There has also been no submission of any notice indicating that expert testimony is unnecessary. Plaintiff has not shown a reasonable excuse for his failure to comply with Rule 1042.3. Donnelly v. O'Malley & Langan, 2009 WL 3241662 *3 (M.D. Pa. Oct. 2, 2009)(failure to file certificate of merit is not fatal to plaintiff's claim when he demonstrates that his failure to comply is justified by reasonable excuse).

In cases where jurisdiction is premised upon diversity of citizenship, federal district courts must apply state substantive law. Courts within this circuit have recognized that Rule 1042.3 is substantive law and should be applied by federal courts sitting in diversity. See Schwalm v. Allstate Boliler & Construction, 2005 WL 1322740 *1 (M.D. Pa. May 17, 2005)(Caputo, J.); Scaramuzza v. Sciolla, 345 F. Supp.2d 508, 509-10 (E.D. Pa. 2004); Lopez v. Brady, Civil No. 4:CV-07-1126, slip op. at 17 (M.D. Pa. June 3, 2008)(McClure, J.); see also Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000)(recognizing that New Jersey statute requiring the filing of an affidavit of merit in professional malpractice cases was substantive state law).

Accordingly, the next question is whether application of the Rule is required in the present case, which arguably asserts a pendent state law claim of negligence. In Cortlessa v. County of Chester, 2005 WL 2789178 *10, n. 7 (E. D. Pa. Oct. 26, 2005), the Eastern District of Pennsylvania addressed a similar situation. Cortlessa was an action filed pursuant to § 1983 which included supplemental state law negligence claims. The Eastern District observed in a footnote that the Rule 1042.3 Certificate of Merit filing requirement was not applicable because the court was not sitting in diversity and thus, there was no authority "to dismiss a claim supplemental to a § 1983 claim." Id. However, in Abdulhay v. Bethlehem Medical Arts, 2005 WL 2416012 * 3 (E.D. Pa. Sept. 28, 2005), the court found that Rule 1042.3 was substantive law and that under Erie Railroad v. Tompkins, 304 U.S. 64, (1938), federal courts must apply it to state law claims arising under pendent jurisdiction. The Eastern District court added that Rule 1042.3 needed to be applied to ensure that "the outcome of the litigation in federal court will be substantially the same as it would be if tried in a state court." Id. at *4.

In Chamberlain, the Court of Appeals for the Third Circuit similarly stressed that federal courts should apply state substantive law in order that the outcome of federal court litigation on issues governed by state law will be substantially the same as if the action had been brought in state court. A subsequent Third Circuit Court of Appeals ruling, Lee v. Thompson, 163 Fed. Appx. 142 (3d Cir. 2006), affirmed the district court's dismissal of an action on the basis that a pro se plaintiff had failed to comply with New Jersey's affidavit of

7

merit requirement. The court generally determined the failure to timely file the affidavit was an appropriate basis for dismissal of the action for failure to state a cause of action. The reasoning set forth in Chamberlain, Lee, and Abdulhay is compelling. Rule 1042.3 should be applied to any pendent state law negligence claim raised against Nurse Lapinski.

It is also noted that Plaintiff's incarceration or pro se status is not a viable basis upon which to excuse compliance with Rule 1042.3 or the requirement of coming forth with expert medical testimony. See Perez v. Griffin, 2008 WL 2383072 *3 (M.D. Pa. June 9, 2008)(Rule 1042.3 applies to incarcerated and pro se plaintiffs and constitutes a rule of substantive state law to which plaintiffs in federal court must comply); Donnelly 2009 WL 3241662 at *4.

Finally, there is the issue of whether a defendant who asserts a failure to file a Rule 1042.3 certificate must establish prejudice. The Eastern District in Scaramuzza indicated that the defendants must show that they have been prejudiced by a plaintiff's failure to comply with Rule 1042.3. See Scaramuzza, 345 F. Supp.2d at 511. However, in Hartman v. LSCI-Allenwood, 2005 WL 1259950 *4 (M.D. Pa. May 27, 2005), Judge Caputo of this Court, in an action brought under the court's diversity jurisdiction, parted from Scaramuzza, stating that "prejudice was immaterial when considering whether a plaintiff's claims should be dismissed for failure to comply with Rule 1042.3." It also noted that the Third Circuit Court of Appeals' subsequent decision in Lee contained no finding that a defendant who was seeking summary

judgment for a plaintiff's failure to file an affidavit of merit as required under New Jersey state law was required to establish prejudice.

This Court agrees with Hartman and likewise concludes that a defendant who argues non-compliance by a plaintiff with Rule 1042.3 need not establish prejudice. This determination is bolstered by the non-prejudice analysis undertaken in Lee and by this Court in Donnelly. Since Plaintiff has not submitted a Rule 1042.3 Certificate of Merit or provided any reasonable explanation for his failure, Nurse Lapinski is entitled to dismissal without prejudice with respect to any pendent state law claim of medical negligence asserted by Everett.

Deliberate Indifference

With respect to the issue of civil rights liability, Lapinski argues that "Plaintiff has failed to demonstrate facts sufficient to rise to the level of a constitutional violation." (Dkt. Entry # 40 at 6.) The moving Defendant adds that the Complaint "contains mere conclusions of deliberate indifference, but contains no facts to support those conclusions." (Id. at 7.) Plaintiff generally counters that because he has presented evidence supporting all of the elements he needs to prove, the request for summary judgment must fail. (Dkt. Entry # 66 at 1.)

A civil rights complaint should allege the conduct violating plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, ___ U.S. ____ ,129 S.Ct 1937, 1949 (2009). Legal conclusions must be

supported by factual allegations and the complaint must state a plausible claim for relief.  See id. at 1950; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)).  In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need.  See Spruill v. Gillis, 372 F.3d 218, 235 - 36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).  In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component).  Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Mines v. Levi, 2009 WL 839011 *7 (E.D. Pa. March 26, 2009)(quoting Colburn, 946 F.2d at 1023); Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347.  "[I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by

10

the Eighth Amendment." Young v. Kazmerski, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347).

The Supreme Court has established that the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994). A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation. See id. However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id.; Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008)("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons.")

Defendant Lapinski asserts that "there are no allegations that the plaintiff suffered from a serious medical condition that was not diagnosed and treated." (Dkt. Entry # 40 at 11.)

Everett states that as a result of the April 18, 2008 assault he suffered broken teeth,[5] head contusions, and a swollen left knee. He notes that due to those injuries his "left knee still hurts and has an abnormal lump ... and swells with prolonged weight upon it." (Dkt. Entry # 1. Attachment, ¶ 6.) In addition, Plaintiff contends that he is still suffering from "recurring headaches of severe intensity",anxiety attacks, "along with sudden nose bleed episodes." (Id. at ¶ 7 & ¶ 8.)

Based upon Plaintiff's assertions, it cannot be determined at this stage of the proceedings that he was not suffering from an objectively serious medical need. His contentions of severe, recurring headaches, anxiety attacks, a broken and chipped tooth, sudden nose bleeds, and a damaged left knee arguably appear at least at this juncture to satisfy the Estelle requirement of demonstrating a serious medical need.

With respect to the subjective deliberate indifference component, Plaintiff gave deposition testimony that the morning after the attack, he reported the incident to correctional staff. (Dkt. Entry # 39-2 at 16.) Upon viewing Plaintiff's knee, Lieutenant Brown insisted that the prisoner report to the medical department. (Id. at 18.) Everett elaborates that "I wasn't going to go down [to the medical department but] Lieutenant Brown insisted I go down." (Id. at 20.)

---

[5] Plaintiff indicates that one tooth was knocked out and another was chipped. (Dkt. Entry # 12 at 2.)

12

It is undisputed that Plaintiff was seen by Nurse Lapinski that same morning in the medical unit of the Lackawanna County Prison. Lapinski did not order any diagnostic testing, but did prescribe Plaintiff a ten (10) day supply of Tylenol and four to five days of ice for his knee. Plaintiff states in his deposition that during the ensuing seven (7) months of his confinement at the Lackawanna County Prison he "went back twice [to the medical department] to get Tylenol — a couple of weeks later." (Id. at 24.) Plaintiff indicates that it is his recollection that during those follow up visits he was seen by "different nurses." (Id. at 25.) Everett alleges that although he asked Lapinski as well as other nurses and Warden Donate for an MRI or an x-ray, his requests were ignored. It is also noted that Everett's deposition testimony acknowledges that he was examined by a dentist regarding the injuries to his teeth.

Copies of Plaintiff's relevant correctional medical records confirm that he was examined by Nurse Lapinski on April 19, 2008. The moving Defendant noted that Plaintiff complained of left knee pain, and a chipped tooth. Lapinski added that although there was some swelling, Plaintiff had good movement. He was prescribed ice and Motrin. (Dkt. Entry # 39-2, Exhibit B at 61.) According to the submitted institutional records, Plaintiff did not return to the medical department until almost one month later, on May 15, 2008, complaining of pain in his left knee and was given Tylenol.

The institutional records further indicate that Plaintiff next returned to the medical department five months later, on October 16, 2008, complaining of tooth pain and was given a

13

one week prescription of Tylenol and placed on the list to see the dentist. The records do not indicate that Everett was seen by Nurse Lapinski on either the May 15, 2008 or the October 16, 2008 visits.[6]

Submitted institutional dental records establish that Plaintiff had a dental examination on April 29, 2008. (See id. at 80.) According to those records, a bonding procedure which was suggested during that visit was declined by Plaintiff. In addition, Everett refused dental treatment on October 28, 2008 and November 11, 2008. (See id.) Since the undisputed record (including Everett's own admission during his deposition testimony) establishes that Plaintiff was referred to and treated by a dentist ten (10) days after being seen by Nurse Lapinski, this Court agrees with the moving Defendant's contention that he "cannot be responsible for any dental care, or lack thereof." (Dkt. Entry # 40 at 11.)

The remainder of Plaintiff's claims against Lapinski center on the fact that he did not order any diagnostic testing for Everett's non-dental injuries. With respect to this allegation, it is noted that while Everett was seen by Nurse Lapinski the day after he was assaulted, there is no indication that Lapinski had any further role in Everett's treatment after April 19, 2008.

Based upon a review of the undisputed record, Nurse Lapinski did not order any diagnostic testing during the April 19, 2008 visit but did prescribe Plaintiff with a ten (10) day

---

[6] The records also note that Plaintiff was also prescribed medication for his "long history of psychiatric illness" during that same time period. (See id. at 76.)

14

supply of Tylenol and four to five days of ice for his knee. Thus, this is clearly not a case where treatment was delayed or not provided at all. There are also no facts presented which could support a claim that Plaintiff was denied diagnostic testing by Nurse Lapinski for a non-medical reason as contemplated in <u>Durmer</u> and <u>Ordonez</u>. More importantly, Everett has not come forward with any competent medical evidence which could establish that the Nurse Lapinski deviated from acceptable standards of the profession or acted or failed to act despite knowledge of a substantial risk of serious harm with respect to the determination that diagnostic testing was not required as of April 19, 2008. The undisputed facts do not support a finding that as of April 19, 2008 Plaintiff's injuries were of the magnitude that clearly warranted the undertaking of x-rays or an MRI.

Rather, Everett's bald assertion that diagnostic testing should have been ordered is a contention which concerns only the quality of the care provided by Defendant Lapinski and is insufficient for § 1983 liability. The Court's determination that a viable deliberate indifference claim has not been shown is bolstered by the undisputed facts that: (1) Plaintiff did not seek any further treatment until approximately one (1) month after his one and only visit with Lapinski; (2) Everett acknowledges that he would not even have gone for medical treatment on April 19, 2008 but for the insistence of Lieutenant Brown; and (3) there is no contention that any medical professional has ever indicated the need for diagnostic testing with respect to the injuries suffered by Plaintiff on April 18, 2008.

Conclusion

Pursuant to the above discussion, Defendant Lapinski's' motion for summary judgment will be granted.  An appropriate Order will enter.

s/ Thomas I. Vanaskie  
Thomas I. Vanaskie  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES EVERETT,

    Plaintiff,

v.     CIVIL NO.3:CV-08-1243

    (JUDGE VANASKIE)

JANINE DONATE, et al.,

    Defendants.

## ORDER

NOW, THEREFORE THIS 22nd DAY OF MARCH, 2010, for the reasons set forth in the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for summary judgment (Dkt. Entry # 66) shall be docketed as a response to Defendants' respective pending motions for summary judgment.

2. Defendant Thomas Lapinski's motion for summary judgment (Dkt. Entry # 39) is GRANTED.

                                                                              s/ Thomas I. Vanaskie
                                                                              Thomas I. Vanaskie
                                                                              United States District Judge