IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


JAMES EVERETT, :
:
       Plaintiff, :
:
   v. : CIVIL NO.3:CV-08-1243
:
: (JUDGE VANASKIE)
JANINE DONATE, et al., :
:
       Defendants. :


# MEMORANDUM

Background

    This pro se civil rights action pursuant to 42 U.S.C. § 1983 was initiated by James Everett, an inmate presently confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview).[1]  This Court previously construed Plaintiff's September 5, 2008 filing (Dkt. Entry # 12) as an amendment to his original complaint and indicated that the

---

    [1] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

standing complaint would consist of both his original complaint and the aforementioned amendment.

By Memorandum and Order dated March 22, 2010 (Dkt. Entry # 68 ), this Court granted Defendant Thomas Lapinski's motion for summary judgment.[2] (Dkt. Entry # 39.) Remaining Defendants are the following officials at Plaintiff's prior place of confinement, the Lackawanna County Prison: Warden Janine Donate and Correctional Officers Kevin Janeski, George Calpin, and Robert Brown. Presently pending is the Remaining Defendants' summary judgment motion. (Dkt. Entry # 47.) Although Plaintiff has not submitted a formal opposing brief, given the liberal consideration afforded to pro se filings, Everett's letter filed December 24, 2009 (Dkt. Entry # 66) will be deemed to be his opposing brief (as was the case with Defendant Lapinski's summary judgment motion).

Between January 12, 2008 and November 20, 2008, Plaintiff was confined at the Lackawanna County Prison. Everett alleges that on April 18, 2008, a fellow prisoner (identified by the Remaining Defendants as being William Marcinkevich) attempted to sexually assault him. According to Plaintiff, the inmate assailant "brutally attacked me causing serious bodily harm." (Dkt Entry # 1, ¶IV(1).) It is alleged that the Remaining Defendants failed to protect

---

[2] Lapinski, a Registered Nurse employed by Correctional Care, Inc., provided medical services to prisoners at the Lackawanna County Prison and was the only medical provider named as a defendant.

2

Plaintiff in that: (1) although they were aware that Inmate Marcinkevich "had a violent past," they did not place him under adequate supervision, and (2) due to an inadequate inmate classification process, Marcinkevich was placed in the same housing unit as Plaintiff, who describes himself as being a non-violent offender.

Everett further asserts that he was not given adequate medical care for his injuries, which purportedly included a head contusion, recurring headaches, swollen left knee, anxiety attacks, nose bleeds, and broken teeth. He points out that neither x-rays nor an MRI were taken and he still has residual health problems stemming from the attack. Plaintiff seeks injunctive relief as well as nominal, compensatory, and punitive damages.

Discussion

Remaining Defendants argue that they are entitled to entry of summary judgment on the grounds that: (1) the undisputed record establishes that they had no knowledge that Inmate Marcinkevich posed a threat to Plaintiff's safety; (2) the classification criteria used in making inmate cell assignments was appropriate; and (3) Everett received a timely medical evaluation following the incident.

Standard of Review

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted).

Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative

evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

Failure to Protect

Remaining Defendants state that during the relevant time period the Lackawanna County Prison "utilized an objective jail classification system approved by the National Correctional Institute." (Dkt. Entry # 49 at 3.) This system "relies upon objective criteria and utilizes a computerized program to rate inmates to determine the appropriate level of security for their housing." (Id.) Since this classification system resulted in the placement of Plaintiff and his alleged assailant in the same housing unit, Remaining Defendants contend that there is no basis for an Eighth Amendment claim. Second, they argue that there is no evidence in the record which could support a conclusion that Correctional Officers Brown, Calpin, and Janeski were aware that Inmate Marcinkevich posed a threat to Plaintiff's safety. Plaintiff has not specifically addressed the defense arguments, but rather generally asserts that he has produced sufficient evidence in support of his claims, and that this matter should proceed to trial in light of the review standard that requires that all reasonable inferences be drawn in his favor.

The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on prison officials to provide prisoners with the basic necessities of life, such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Helling v. McKinney, 509 U.S. 25, 31 (1993). Under Farmer, an inmate must surmount the high hurdle of showing that a prison official actually knew or was aware of a substantial risk to inmate safety and deliberately disregarded that risk. Beers-Capitol v. Whetzel, 256 F. 3d 120, 125 (3d Cir. 2001). This requirement of actual knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Everett has not presented any evidence that any prison official knew that Marcinkevich posed a substantial risk of assaulting Everett. Defendants, moreover, have presented evidence that they had no such knowledge or reason to be concerned about Marcinkevich.

In an affidavit, Defendant Kevin Janeski acknowledges that he recalls the April, 2008 incident where Plaintiff claimed that he was assaulted by Inmate Marcinkevich. (Dkt. Entry # 48-5, Exhibit 4, ¶ 2.) Janeski avers that upon learning of Plaintiff's claim, he notified Lieutenant Robert Brown and brought Everett to Brown for an interview. Following the interview,

Marcinkevich was moved to a different housing unit. (Id. at ¶ 4.) Defendant Janeski concludes by noting that, prior to this incident, "I had never observed any threatening behavior by Marcinkevich against Everett and had no reason to anticipate that Marcinkevich would assault Everett." (Id. at ¶ 5.)

Lieutenant Brown has also submitted a supporting affidavit in which he likewise acknowledges that, after learning that Everett had complained of being assaulted, he interviewed the Plaintiff and "took steps" to have Marcinkevich moved from Everett's cell block. (Dkt. Entry # 48-4, ¶ 3.) Brown further states, "I did not witness the assault on Everett by Mr. Marcinkevich. Prior to the date of the incident between Marcinkevich and Everett, Everett had never complained to me that he was fearful of Marcinkevich nor had I ever witnessed any conduct by Marcinkevich that would lead me to conclude that he bore any animosity toward Mr. Everett." (Id. at ¶ 4.)

Also submitted for consideration is an affidavit of Correctional Officer George Calpin, who reiterates the statements offered by Janeski and Brown. (Dkt. Entry # 48-3.) Calpin similarly avers that upon learning of Everett's assault claim, the Plaintiff was interviewed by Defendant Brown. Following that interview Marcinkevich was moved to a different cell block. He also states that he had no knowledge that Marcinkevich posed a threat to Plaintiff's safety prior to the date of the incident (See id. at ¶ 5.)

This is not a case where a prison official witnessed a prisoner being physically assaulted and failed to take any steps to protect the prisoner. See Estate of Davis v. Delo, 115 F.3d 1388, 1395-96 (8th Cir. 1997); Gaudreault v. Salem, 923 F.2d 203, 207 n. 3 (1st Cir.), cert. denied, 500 U.S. 956 (1990) ("an officer who is present at the scene and who fails to take reasonable steps to protect the victim ... of excessive force can be held liable . . . ."). More importantly, the undisputed record reveals no indication that Plaintiff ever voiced any concern to any of the Remaining Defendants that Inmate Marcinkevich would assault him. There simply is no competent evidence that Marcinkevich posed a significant risk of serious harm to any inmate, or that the Remaining Defendants knew of and consciously disregarded such risk. Plaintiff's general assertion that Marcinkevich had a violent past would not by itself trigger a need for prison officials to exercise a greater level of supervision, especially given the fact that it is not uncommon to have persons with a violent past housed in a prison.[3]

Everett does not state that he feared a direct attack by his assailant, or ever voiced any such concerns to the Remaining Defendants. Nor has Plaintiff countered the defense showing that correctional officers had no reason to suspect that Marcinkevich posed a threat to his safety. The unrebutted factual showing made by the Remaining Defendants compels the conclusion that they are entitled to summary judgment with respect to the claim that they were

---

[3] Plaintiff has not alleged that his attacker had a propensity for assaulting other prisoners.

deliberately indifferent to a substantial risk to Plaintiff's safety and failed to provide adequate safeguards.

The second prong of Plaintiff's failure to protect claim vaguely maintains that the housing of Everett and Marcinkevich in the same unit was caused by an inadequate inmate classification process and therefore constitutes an Eighth Amendment violation. Plaintiff, however, offers no factual substantiation for this wholly conclusory assertion.

According to the Remaining Defendants, the Lackawanna County Prison utilized a computerized program that rated prisoners based upon objective criteria to determine the appropriate level of security for their housing. The classification criteria included the inmate's criminal history, current charges, age, disciplinary history during prior periods of confinement, and drug and alcohol dependency. (Dkt. Entry # 49 at 10.)

Given Defendants' undisputed showing that they utilized an "objective jail classification system approved by the National Correctional Institute" (Dkt. Entry # 49 at 3), and Everett's failure to provide any evidence indicating that it was unreasonable to rely upon the classification system, there is no foundation for an Eighth Amendment claim. There is no evidence that the classification system had previously resulted in the erroneous classification of inmates, resulting in an increased incidence of inmate assaults. Instead, this case presents an

unfortunate isolated attack by one inmate. Under these circumstances, no rational trier of fact could find deliberate indifference to inmate safety by use of the classification system.

In conclusion, there are simply no alleged facts which could demonstrate, under Farmer, that Plaintiff was incarcerated under conditions posing a substantial risk of serious harm. There are no assertions that Remaining Defendants actually knew or were aware that Inmate Marcinkevich would attack the Plaintiff or even had a history of violence against other prisoners and that they neglected to take appropriate action despite such knowledge. Likewise, there are no facts which could support a claim that Plaintiff was placed at risk of harm due to an inadequate inmate classification process. Consequently, Everett has not supported a viable Eighth Amendment claim, and the Remaining Defendants motion for summary judgment will be granted with respect to the failure to protect claim.

Medical Treatment

The Remaining Defendants maintain that they cannot be held liable for the alleged denial of adequate medical care to Everett because he was provided with a medical evaluation on the same day that he reported the assault. In his supporting affidavit, Correctional Officer Janeski states, "I am aware that Everett was evaluated by the Medical Unit subsequent to his complaint that he had been assaulted." (Dkt. Entry # 48-5, Exhibit 4, ¶ 6.) Lieutenant Brown avers that after interviewing Everett following the assault, "I directed that Mr. Everett be taken

to the medical unit for an evaluation for injuries." (Dkt. Entry # 48-4, ¶ 2.) The affidavit of Defendant Calpin likewise provides that Plaintiff was taken to the prison's medical unit for evaluation after being interviewed by Brown. (Dkt. Entry # 48-3, ¶ 6.) Plaintiff's opposing submission does not refute these assertions of fact.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235 - 36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). A failure or delay in providing treatment if deliberate and motivated by non-medical factors can set forth a constitutional claim. Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008) ("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons"). A defendant who is not a health care provider, however, can not be considered deliberately indifferent for failing to respond to an inmate's medical complaints when the inmate is already receiving treatment by the prison's medical staff. Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

The Remaining Defendants were not health care providers, but corrections officials at the Lackawanna County Prison. Based upon the undisputed facts as established by the Remaining Defendants' respective affidavits, it is apparent that they were attentive to Plaintiff's need for medical treatment in a timely fashion. Specifically, they took him to the prison's Medical Department for an evaluation on the same day that he reported his injuries. Because there is no evidence that the Remaining Defendants delayed in having Plaintiff taken for a medical evaluation or thereafter failed to follow any medical directives regarding his care, a viable constitutional claim has not been presented against them.

Conclusion

For the reasons set forth above, the Remaining Defendants' motion for summary judgment will be granted, and the Clerk of Court will be directed to mark this matter closed. An appropriate Order follows.

s/ Thomas I. Vanaskie<br>
Thomas I. Vanaskie<br>
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES EVERETT,  :
   :
    Plaintiff,  :
   :
    v.  :    CIVIL NO.3:CV-08-1243
   :
   :    (JUDGE VANASKIE)
JANINE DONATE, et al.,  :
   :
    Defendants.  :

## ORDER

NOW, THEREFORE THIS 24th DAY OF MARCH, 2010, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. The summary judgment motion of Remaining Defendants Janine Donate, Kevin Janeski, George Calpin, and Robert Brown (Dkt. Entry # 47) is GRANTED.

2. The Clerk of Court is directed to mark this matter CLOSED.

                                          s/ Thomas I. Vanaskie
                                          Thomas I. Vanaskie
                                          United States District Judge